38 F.3d 1221
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Harry L. WHIPPLE, Plaintiff-Appellant,
v.
ROYAL INSURANCE COMPANY, Defendant-Appellee.
 No. 93-2252.
 United States Court of Appeals, Tenth Circuit.
 Oct. 20, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Harry L. Whipple appeals the judgment of the district court entered after a jury verdict in favor of defendant-appellee Royal Insurance Co. (Royal). Because we find no merit to plaintiff's contentions on appeal, we affirm.
 
 
 4
 In November 1991, Mr. Whipple's house and its contents were completely destroyed by fire. Both the house and the contents were insured by Royal, with a total available coverage of $274,882. Royal paid Pioneer Savings & Trust $87,442.71, representing the balance due on the mortgage, and also paid Mr. Whipple $5,000 immediately after the fire. After a lengthy investigation, Royal denied the balance of the claim. Mr. Whipple sued, alleging breach of the insurance contract.
 
 
 5
 At trial, Royal advanced three affirmative defenses: (1) that Mr. Whipple had caused or procured his own loss; (2) that he had failed to adequately complete a proof of loss; and (3) that he had intentionally misrepresented material facts. After a four-day trial, the jury found in favor of Royal. Mr. Whipple argues on appeal that the court committed reversible error by failing to instruct the jury that any material misrepresentation on his part would not operate as an affirmative defense unless the insurance company could demonstrate prejudice therefrom.
 
 
 6
 Assuming, arguendo, that Mr. Whipple is correct that New Mexico law would require a prejudice instruction under similar circumstances, we conclude that, under the circumstances of this case, any failure of the district court to so instruct the jury was harmless error. As mentioned above, Royal advanced three distinct affirmative defenses. Although the jury was asked to complete a form denominated as a "special verdict form," Supp.App. at 112, that form did not ask the jury to rule on any or all of the affirmative defenses; it merely asked the jury to indicate whether it found for the defendant or the plaintiff. In reality, therefore, the form was simply a way to record a general verdict. See Diamond Shamrock Corp. v. Zinke & Trumbo, Ltd., 791 F.2d 1416, 1428 (10th Cir.) (McKay, J., concurring in part and dissenting in part)("[T]he jury's findings 'for the plaintiff,' [or] 'for the defendant' ... can only be described as a general verdict."), cert. denied, 479 U.S. 1007 (1986). As such, this general verdict sheds no light on which, if any, of the affirmative defenses were relied on by the jury in reaching its decision.
 
 
 7
 Mr. Whipple argues only that the prejudice instruction was relevant to the material misrepresentation defense. Thus, if there is sufficient evidence in the record to support a jury determination that Mr. Whipple caused his own loss, any error resulting from the omission of a prejudice instruction will be harmless. We read the record in the light most favorable to the insurance company and conclude that substantial evidence exists from which the jury could conclude that Mr. Whipple caused his own loss. See Comcoa, Inc. v. NEC Teles., Inc., 931 F.2d 655, 663 (10th Cir.1991)(setting out standard of review).
 
 
 8
 There was evidence in the record establishing that the fire was started by a liquid accelerant, R. Vol. IIc at 369-70, and that delayed ignition devices can be used to set fires that will not occur until days later, id. at 377. There was also evidence that a longtime childhood friend of Mr. Whipple's had been on the premises a few days before the fire, R. Vol. IIa at 47, and that Mr. Whipple gave him money a few weeks after the fire, id. at 32-33. The friend testified that, to his knowledge, there was no one with a motive to hurt Mr. Whipple by burning down his house. Id. at 79.
 
 
 9
 Additionally, there was testimony from a certified public accountant who examined Mr. Whipple's financial affairs that Mr. Whipple's personal and business expenses had exceeded his income by more than $40,000 for the years 1990 and 1991. R. Vol. IId at 663. Further, because of the presence of large "unusual and irregular" cash transactions, the accountant could not form any final opinion as to Mr. Whipple's overall financial condition. Id.
 
 
 10
 Thus, even in the face of contrary evidence, we find that there was enough evidence from which the jury could have determined that Mr. Whipple caused or procured his own loss. Therefore, any failure by the district court to tender a jury instruction on prejudice was harmless error.
 
 
 11
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470